UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| DUSTIN LEE LOVE, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 11-251-GFVT |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*

Dustin Lee Love is an inmate confined at the Federal Correctional Institution in Manchester, Kentucky. Love has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] and has paid the filing fee. After reviewing the petition[1], the Court concludes that the petition must be denied.

**I.**

On November 6, 2003, Love was convicted by Mississippi authorities of possession of marijuana with intent to distribute, and was sentenced to serve a five year term under house arrest pursuant to Mississippi's Intensive Supervision Program. On December 15, 2005, while

---

[1] The Court conducts a preliminary review of habeas corpus petitions. 28 U.S.C. § 2243; *Harper v. Thoms*, No. 02-5520, 2002 WL 31388736, at \*1 (6th Cir. Oct. 22, 2002). Because the petitioner is not represented by an attorney, the petition is reviewed under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage the Court accepts the petitioner's factual allegations as true and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Once that review is complete, the Court may deny the petition if it concludes that it fails to establish grounds for relief, or otherwise it may make such disposition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

still serving this term, state police arrested Love in his home, and Mississippi subsequently charged him with drug trafficking and weapons offenses under state law. [R. 1 at 4, 7.]

On August 24, 2006, a federal grand jury issued a five count indictment against Love arising out of his December 2005 arrest, charging him with possession with intent to distribute cocaine powder and cocaine base; possession of a firearm in furtherance of a drug trafficking crime; being a felon in possession of numerous firearms; and possessing an unregistered firearm. The Mississippi charges were subsequently dismissed, but Love remained incarcerated in state custody to serve the remainder of his outstanding term under the November 2003 conviction while the federal proceedings were pending. Love subsequently entered a guilty plea to four of the five counts pursuant to a written plea agreement, with the fifth count dismissed on the motion of the United States. On February 22, 2007, the court sentenced him to 121 months imprisonment on two counts and 120 months on the remaining two counts, with each term to be served concurrently with the others as well as concurrently with Love's undischarged state sentence. [R. 1 at 3.] *United States v. Love*, No. 1:06-CR-120-001 (N.D. Miss. 2006).

Following his federal sentencing, Love was returned to Mississippi authorities to serve the remainder of his state sentence. On December 1, 2008, Mississippi paroled Love from his state sentence, and he was transferred to federal custody to serve the remainder of his federal sentence. [R. 1 at 7.] In calculating Love's sentence, on April 22, 2009, BOP officials originally credited Love with time spent served in the state prison system, from his arrest on December 15, 2005, until his federal sentencing on February 22, 2007. On August 24, 2010, however, the BOP recalculated his sentence without including this credit because Love's December 15, 2005, arrest and detention were for an offense other than his federal offenses. [R. 9 at 3-4.] Subsequently Love challenged this determination and sought pre-custody credit from the date of his arrest. [R.

1 at 6-13.] BOP officials denied that request because that time was credited against service of his state sentence. [R. 1 at 6-13.] Here, through his petition, Love seeks pre-custody credit for 433 days, commencing from the day he was arrested by state officials on December 15, 2005, to the date of his federal conviction on February 22, 2007. [R. 1 at 4.]

## II.

Calculation of a federal prisoner's sentence, including both its commencement date and any credits for custody before the sentence is imposed, is determined as follows:

> (a) A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585. The BOP implements Section 3585 through Program Statement 5880.28.

Love seeks credit against his federal sentence for the 433 days he spent in state custody immediately before his transfer into federal custody, from the date of his arrest on December 15, 2005, to the date of his federal conviction on February 22, 2007. Love's sentence, however, could not commence under Section 3585(a) until the date it was imposed, on February 22, 2007, even where it is to run concurrently with an undischarged state term. *See United States v. Wells*, 473 F.3d 640, 645 (6th Cir. 2007); *Staley v. Patton*, No. 0:07-CV-122-HRW, 2009 WL 256745,

at * 2-3 (E.D. Ky. Feb. 2, 2009) (federal sentence runs concurrently only with the portion of the state sentence that remains to be served).

Nor is Love entitled to pre-custody credit under Section 3585(b)(1). First, Love was incarcerated by the Mississippi Department of Corrections from December 15, 2005, until February 22, 2007, because he engaged in new criminal conduct, thus violating the conditions of his house arrest under the November 2003 conviction. His time spent in state custody was therefore attributable to his state offense, and was therefore not "time he has spent in official detention ... as a result of the [federal] offense for which the sentence was imposed." 18 U.S.C. § 3585(b)(1). Second, because Section 3585(b) only permits credit against a federal sentence for time "that has not been credited against another sentence," time already credited towards service of a state sentence may not be "double counted" in credit against a federal sentence. *Huffman v. Perez*, No. 99-6700, 2000 WL 1478368 (6th Cir. Sept. 27, 2000); *Broadwater v. Sanders*, 59 F. App'x 112, 113-14 (6th Cir. 2003).

Accordingly, **IT IS ORDERED** that:

1. Love's petition for a writ of habeas corpus [R. 1] is **DENIED.**

2. The Court will enter an appropriate judgment consistent with this Memorandum Opinion and Order.

This the 23 day of September, 2011.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge